## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) **Case No. 03-66797** |
| | ) |
| ARCTIC EXPRESS, INC. | ) |
| | ) **Chapter 11** |
| and, | ) |
| | ) **Jointly Administered** |
| D&A ASSOCIATES, LTD., | ) |
| | ) **Adv. Proc. No. 04-02332** |
|     Debtors and | ) |
|     Debtors in Possession. | ) |
| | ) |
| | ) |
| ARCTIC EXPRESS, INC. and D&A | ) |
| ASSOCIATES, LTD., debtors in possession, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DEL MONTE FRESH PRODUCE N.A., | ) |
| INC. d/b/a DEL MONTE FRESH PRODUCE | ) |
| COMPANY | ) |
| | ) |
|     Defendant. | ) **ANSWER AND COUNTERCLAIMS** |

Defendant Del Monte Fresh Produce N.A., Inc. d/b/a Del Monte Fresh Produce Company

("Defendant") hereby states for its Answer as follows:

### ANSWER

1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.    Defendant admits that this Court possesses jurisdiction over this case but denies this

is a "core proceeding".

3.    Defendant admits that venue properly lies in this judicial district.

4.    Defendant states that the "Agreed Order" entered by this Court on May 27, 2004 speaks for itself.

5.    Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.    Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.    Defendant incorporates herein by reference the responses previously set forth herein.

12.    Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendant incorporates herein by reference the responses previously set forth herein.

14.    Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.    Defendant incorporates herein by reference the responses previously set forth herein.

19.    Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20.    As to paragraph 20 of the Complaint, Defendant admits that it has refused to

compensate Plaintiff, but denies the remaining allegations contained therein.

21.   Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22.   Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.   Defendant incorporates herein by reference the responses previously set forth herein.

24.   Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

1.   Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

2.   Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

3.   Plaintiff has failed to perform under and has materially breached the alleged contract or agreement with Defendant.

4.   Some or all of Plaintiff's claims are preempted by federal or other law.

5.   Plaintiff has failed to mitigate any damages it may have suffered.

6.   The claims of Plaintiff are subject to the set-off and/or recoupment rights of Defendant.

WHEREFORE, Defendant demands that the Complaint be dismissed, with prejudice, at Plaintiff's costs; that judgment be entered in favor of Defendant with respect to Plaintiff's claims; that Defendant be awarded its costs, expenses and reasonable attorney fees in defending this action; and that this Court  provide such other relief as this Court deems just and appropriate.

## COUNTERCLAIMS

Now comes Defendant and for its Counterclaims states and alleges as follows:

1.      This proceeding is a core proceeding.

2.      On various dates during 1998 through 2001, Plaintiff undertook to transport cargo consisting of fresh fruit owned by Defendant to Defendant's customers.

3.      Upon tender of each truckload of cargo from Defendant, Plaintiff and/or its agents were given the opportunity to inspect the cargo prior to taking possession thereof.

4.      In each instance discussed below, Plaintiff or its agents either failed to perform an inspection or acknowledged that the shipment as provided by Defendant was free of defects and contained the quantities as represented by Defendant.

5.      In a number of instances, Defendant's customers rejected all or part of the cargo delivered by Plaintiff for, among other reasons, damage to the cargo or incorrect quantities of cargo.

6.      In these instances, Defendant failed to receive payment for the contract price of the damaged cargo from its customer.

7.      Defendant promptly notified Plaintiff of each instance of customer rejection, filed a claim with Plaintiff, and demanded re-imbursement from Plaintiff for the value of the damaged cargo.

### COUNT I

### (Breach of Contract)

8.      Defendant incorporates herein by reference as fully as though rewritten all of the

4

foregoing allegations.

9.     Plaintiff agreed with Defendant to deliver each shipment of cargo for Defendant in the same condition it was tendered to and received by Plaintiff.

10.    In each such instance discussed above, Defendant has performed all of the conditions on its part to be performed, but Plaintiff has failed to deliver cargo in conforming condition, in breach of its contracts and agreements with Defendant.

11.    As a direct and proximate result of such breaches, Defendant was damaged in the amount of the contract price of the goods.

## COUNT II

### (Negligence)

12.    Defendant incorporates herein by reference as fully as though rewritten all of the foregoing allegations.

13.    Plaintiff undertook a duty to deliver Defendant's cargo to Defendant's customers in the same condition it was tendered to and received by Plaintiff.

14.    In the instances discussed above, Plaintiff breached this duty of care by negligently failing to deliver the cargo to Defendant's customers in said condition and negligently failing to preserve, protect, store and transport the cargo.

15.    As a direct and proximate result of such breaches, Defendant was damaged in the amount of the contract price of the goods

## COUNT III

### (Carmack Amendment)

16.    Defendant incorporates herein by reference as fully as though rewritten all of the

foregoing allegations.

17.     Plaintiff is liable for the for the "actual loss or injury to the property" of Defendant

pursuant to 49 U.S.C. section 14706(a)(1).


## DEMAND FOR JUDGMENT

**WHEREFORE**, Defendant prays for and demands judgment as follows:

**As to Count I**:     $173,540.12, which represents the value of Defendant's cargo damaged by Plaintiff, plus 10% interest accruing from the date of loss;

**As to Count II**:     $173,540.12, which represents the value of Defendant's cargo damaged by Plaintiff, plus 10% interest accruing from the date of loss;

**As to Count III**:     $173,540.12, which represents the value of Defendant's cargo damaged by Plaintiff, plus 10% interest accruing from the date of loss;

The reasonable costs, including attorneys' fees, incurred by Defendant in defending this action and prosecuting its counterclaims;

Such other legal or equitable relief as the Court deems appropriate.


Respectfully submitted,


/s/ Bruce R. Schrader, II
Bruce R. Schrader, II - 0039418
ROETZEL & ANDRESS
222 South Main Street
Suite 400
Akron, OH  44308
Ph: (330) 376-2700
Fx: (330) 376-4577
E-mail: bschrader@ralaw.com

and

MARC WOLFE, Esq.  (Ohio Bar No. 0065754)
800 West Avenue, #202
Miami Beach, FL 33139
(786) 395-4868
(305) 604-3638 (facsimile)

**ATTORNEYS FOR DEL MONTE FRESH
PRODUCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Answer and Counterclaims was sent by regular U.S. Mail service this 6th day of August, 2004, to:

Todd H. Neuman, Esq.
Ferris & Neuman, LLP
2733 W. Dublin-Granville Road
Columbus, OH 43235

Guy R. Humphrey, Esq.
65 E. State Street
Suite 1000
Columbus, OH 43215

/s/ Bruce R. Schrader, II
Bruce R. Schrader, II

1190689_1