IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARCTIC EXPRESS, INC., | : |
| Plaintiff-Appellant, | : |
| | : Case No. 2:09-CV-00403 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| DEL MONTE FRESH PRODUCE NA, INC., | : |
| Defendant -Appellee. | : |

**OPINION AND ORDER**

**I. INTRODUCTION**

Pending before this Court is an appeal of a Final Judgment and Agreed Final Judgment by the United States Bankruptcy Court for the Southern District of Ohio, dated September 6, 2008 and April 27, 2009 respectively, in a dispute between Plaintiff-Appellee Arctic Express, Inc, ("Arctic Express") a carrier of goods, and Defendant-Appellant Del Monte Fresh Produce NA, Inc., ("Del Monte") a shipper of goods. The Bankruptcy Court, consistent with this Court's March 30, 2007 Opinion and Order, entered a final judgment in favor of Del Monte. For the reasons set forth below, the Bankruptcy Court's decision is **AFFIRMED**.

**II. BACKGROUND**

As this case has already been before this Court, and the facts have remained the same, this Court incorporates portions of the factual and procedural background from its March 30, 2007 Opinion and Order.

## A. Facts

Arctic Express is a motor carrier company that transports cargo for interstate shippers; Del Monte is an interstate shipper of produce. All claims comprising the underlying action relate to interstate transportation services provided by Arctic Express for Del Monte during the period of October 2000 through February 2001. Arctic Express claims that it was never paid for these services, and seeks to recover the amount due (the "Freight Charges"). Both parties agree that the reasonable Freight Charges for such services, under normal circumstances, totaled $169,941.68, the amount Arctic Express seeks in damages.

On February 28, 2003, Arctic Express filed a complaint in the Franklin county Court of Common Pleas for payment of the outstanding Freight Charges, asserting state-based causes of action for payment of an outstanding account, breach of contract, unjust enrichment, and conversion. Del Monte filed an answer and counterclaim seeking compensation for damages that allegedly occurred by reason of Arctic Express' failure to deliver Del Monte's produce in a conforming condition.

## B. Procedural History

On October 31, 2003, Arctic Express filed voluntary petitions pursuant to Chapter 11, Title II of the United States Code in the United States Bankruptcy Court for the Southern District of Ohio, commencing the underlying bankruptcy case. Arctic Express' bankruptcy stayed the state court proceeding, and by an Agreed Order entered on May 27, 2004, both parties stipulated to attempt resolution of the dispute through mediation, and to continue litigation in the Bankruptcy Court if such effort failed. When the mediation proved unsuccessful, the parties filed pleadings with the Bankruptcy Court as they had done in the state court. Arctic Express

filed its Complaint on July 23, 2004 and Del Monte filed its Answer and Counterclaim on August 6, 2004.

Following the initial pleadings, on September 15, 2004, the parties entered into a Stipulation Regarding Parties' Preliminary Pre-Trial Statement in which the parties agreed to present certain legal issues, including the statute of limitations, to the Bankruptcy Court for resolution through cross motions for summary judgment. Thereafter, the parties filed motions for summary judgement with respect to the statute of limitations issues and each party presented its argument during an oral hearing conducted before the Bankruptcy Court on February 8, 2005. On April 18, 2005, the Bankruptcy Court issued its Memorandum of Opinion and Order Ruling on Arctic Express' and Del Monte's Motions for Summary Judgment ("Bankruptcy Opinion"). The Bankruptcy Opinion, in pertinent part, stated that Arctic Express' claims for unpaid Freight Charges are premised in state law and not, therefore, affected by the statute of limitations set forth in 49 U.S.C. § 14705. The Bankruptcy Court also issued a Judgment Entry in favor of Arctic Express on May 30, 2006, awarding Arctic Express damages in the amount of $232,550.91 ($169,941.68 plus prejudgment interest).

On April 28, 2006, Del Monte appealed the Bankruptcy Opinion. On March 30, 2007, this Court reversed and remanded the Bankruptcy Court on the issue of statute of limitations, finding that the plain language of 49 U.S.C. § 14705 makes clear that the statute of limitations was intended to apply to Arctic Express' state law claims. The Bankruptcy Court, consistent with this Court's decision, entered a Final Judgment on Plaintiff's Complaint on September 6, 2008, finding against Arctic Express as to its claims against Del Monte because the statute of limitations had expired. On April 27, 2009, the Bankruptcy Court entered its Agreed Final

Judgment Entry as to the entirety of all underlying proceedings. On May 7, 2009, Arctic Express timely appealed the Bankruptcy Court's final judgment as to Arctic Express' claims against Del Monte for payment of the unpaid freight charges, claiming that the state law claims were not barred by the statute of limitations in 49 U.S.C. § 14705. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Accordingly, the appeal is ripe for this Court's review.

### III. STANDARD OF REVIEW

When the Bankruptcy Court acts as the trial court, the Bankruptcy Court makes initial findings of fact and conclusions of law. *Thomasville Furniture Indus., Inc. v. Elder-Beerman Stores Corp*. 250 B.R. 609, 619 (S.D. Ohio 1998). The District Court, serving as an appellate court, then reviews the Bankruptcy Court's findings of fact for clear error, and the Bankruptcy Court's conclusions of law *de novo*. *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997) (citing Fed. R. Bankr. P. 8013), *cert. denied*, 522 U.S. 816, (1997). "A factual finding will only be clearly erroneous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993) (citations omitted).

### IV. LAW & ANALYSIS

Artic Express raises on appeal the sole issue of the applicable statute of limitations in this case. This is the same issue raised by Arctic Express in its original summary judgment motion before the bankruptcy court, in Del Monte's appeal of that decision, and that was addressed in

this Court's Opinion and Order, which reversed the Bankrupcty Court's initial April 18, 2006 Summary Judgment Order. Under the law-of-the-case doctrine, "[a] decision on an issue made by a Court at one stage of a case should be given effect in successive stages of the same litigation." *U.S. v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). There are two purposes to the law of the case doctrine: 1) to prevent the continued litigation of settled issues; and 2) to assure compliance by inferior courts with the decisions of superior courts. *Id*. (citing to Moore's Federal Practice, ¶ 0.404[1], at 118 (1988)). While the law-of-the-case doctrine is not a hard and fast rule, but rather a discretionary tool, "courts should be loathe to do so [reopening an already decided issue] in the absence of extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citations omitted). The Supreme Court has further stated that "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 619 n. 8 (1983); *see also E.E.O.C. v. United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the U.S. and Canada, Local No. 120*, 235 F.3d 244 (6th Cir. 2000).

In this Court's March 30, 2007 Order and Opinion, it found that the 18-month statute of limitations in 49 U.S.C. § 14705(a) applies to Arctic Express' claims, and held that the language of the statute " expresses Congress' intent that the eighteen-month statute of limitations shall apply to all carriers who bring civil actions to recover charges for transportation of interstate goods." *Arctic Exp., Inc. v Del Monte Fresh Produce NA, Inc.*, 366 B.R. 786, 793 (S.D. Ohio 2007). Del Monte argues that this Court should defer to its previous ruling under law-of-the-case doctrine, as the statute of limitations issue now raised by Arctic Express on appeal is the

same issue dealt with in this Court's March 30, 2007 order. This Court agrees with Del Monte.[1]
While this Court has the discretion to reopen its prior decision, no extraordinary situation exists in the appeal *sub judice*, nor does this Court find that it was clearly erroneous in its prior order, nor that to use the law-of-the-case doctrine would work manifest injustice. Indeed, since this Court's decision in 2007, the Sixth Circuit, in an unpublished opinion, has also found that the statute of limitations in 49 U.S.C. § 14705(a) applies to shipments of any goods, with the exception of newspapers and baggage, transported across state lines by a carrier. *CGH Transport Inc. v. Quebecor World, Inc.*, No. 06-6399, 2008 WL 116385, \*\*3 (6th Cir. Jan. 8, 2008). *See also Emmert Indus. Corp. v. Artisan Associates, Inc.*, 497 F.3d 982, 987 (9th Cir. 2007) (finding that the statute of limitations in 49 U.S.C. § 14705(a) applies to state law claims). Furthermore, Arctic Express does not point to any cases that address this particular issue, and certainly none that find that the statute of limitations does not apply. This Court, therefore, applies the law-of-the-case doctrine, and affirms the Bankruptcy Court's Final Judgment and Agreed Final Judgment Entry.

---

[1] In its briefing, Arctic Express does not respond to Del Monte's arguments under *U.S. v. Todd* and law-of–the-case, and this Court has been unable to find any case law to suggest that it should not use its discretion to apply the doctrine here.

## V. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Final Judgment as to Plaintiff's Complaint and the Agreed Final Judgment Entry as to all underlying proceedings is **AFFIRMED**.

    **IT IS SO ORDERED**.

                                         s/Algenon L. Marbley
                                         **ALGENON L. MARBLEY**
                                         **United States District Court Judge**

**DATED: March 15, 2010**